UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA ex rel., ALON AHARON, ARIE BLITZ, and JASON SPERLING,

           Plaintiffs/Relators,

v.

NUVANCE HEALTH, NUVANCE HEALTH MEDICAL PRACTICE, P.C., HEALTH QUEST SYSTEMS, INC., VASSAR BROTHERS MEDICAL CENTER, HUDSON VALLEY CARDIOVASCULAR PRACTICE, P.C., MUMTAZUDDIN ZUBAIR JAFAR, RAJEEV L. NARAYAN, and MARK WARSHOFSKY,

           Defendants.

Case No. 7:24-cv-00524-KMK

## CONSENT PROTECTIVE ORDER

Relators Alon Aharon, M.D., Arie Blitz, M.D., and Jason Sperling, M.D. and Defendants Nuvance Health, Nuvance Health Medical Practice, P.C., Health Quest Systems, Inc., Vassar Brothers Medical Center, Hudson Valley Cardiovascular Practice, P.C., Mumtazuddin Zubair Jafar, M.D., Rajeev L. Narayan, M.D., and Mark Warshofsky, M.D. agree that certain categories of documents and information should receive confidential treatment. To that end, the parties have agreed to the terms of this Order. Accordingly, it is ORDERED:

1. **Scope.** This Order allows parties and non-parties to designate and disclose documents and information as Confidential or Attorneys' Eyes Only (the "Confidential Information"). This Order governs all Confidential Information that a party receives in discovery. It does not restrict or otherwise govern a party's or non-party's use of its own confidential

1

information. Documents that are currently available in the public domain are not Confidential Information.

2. **Definitions.**

a. *Confidential.* Information designated as "Confidential" is information that is not in the public domain and that reflects confidential and proprietary business information, patient health information, employee information, information about an individual's income, or any other information that a Party may reasonably and in good faith believes require confidential treatment to protect a legitimate business or other interest.

Confidential information also includes information that identifies any person and relates to (i) that person's past, present, or future physical or mental health or condition, (ii) the provision of health care, services, or supplies to that person, or (iii) the past, present, or future payment for the provision of health care to the person.

Confidential information also includes Protected Health Information (PHI) as defined by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule. *See* 45 C.F.R. § 160.103. A HIPAA covered entity may disclose PHI in the course of an administrative or judicial proceeding if certain "satisfactory assurances" are received. This Order provides the assurances that HIPAA requires. *See* 45 C.F.R. § 164.512(e)(1)(iv). In accordance with the HIPAA Privacy Rule, this Order allows for the use, disclosure, and receipt of a patient's PHI in the parties' or non-parties' possession for the limited purpose of this action, including during discovery or in hearings. In accordance with the HIPAA Privacy Rule, the Order prohibits the parties from using or disclosing PHI for any purpose other than this litigation. *See* 45 C.F.R. § 164.512(e)(1)(v)(A). The PHI disclosed under this Order—including all copies of that PHI—must be returned to the party or non-party that produced it or be securely destroyed at the conclusion of this litigation. *See*

2

45 C.F.R. § 164.512(e)(1)(v)(B). This Order is a qualified protective order under 45 C.F.R. § 164.512(e)(1)(v)(A)–(B) of the HIPAA Privacy Rule.

The Parties recognize that it is not practicable to identify and contact all patients whose names or privileged information may be contained in certain records. Accordingly, this Order expressly authorizes the parties and non-parties who receive discovery requests in this proceeding to disclose documents containing patients' PHI—including but not limited to information regarding mental health, alcohol/drug abuse, genetic information, or HIV/AIDS—provided that the producing Party shall mark all documents containing patients' PHI as "CONFIDENTIAL." The parties shall meet and confer regarding any proposed redactions of PHI, to the extent any such redactions are necessary.

   b. *Attorneys' Eyes Only.* Information designated as "Attorneys' Eyes Only" is information that the designating party or non-party reasonably and in good faith believes is so competitively sensitive that its disclosure to another party could result in significant competitive or commercial disadvantage or other significant harm to the designating party or non-party or another person.

  **3.** **Form and Timing of Designation.**

   a. *Documents.* A party or non-party may designate a document as Confidential by stamping "CONFIDENTIAL" on each page of any produced document. A party or non-party may also designate a document as Attorneys' Eyes Only by stamping "CONFIDENTIAL—ATTORNEYS' EYES ONLY" on each page of any produced document. A party does not waive its right to designate a document as Confidential or Attorneys' Eyes Only by inadvertently or unintentionally producing documents without designating them.

3

b. *Testimony.* If part of any testimony or any exhibits thereto contain information that a party reasonably believes is Confidential or Attorneys' Eyes Only, then the party may designate part of the transcript as such by making a statement to that effect on the record or by giving written notice to counsel of record within fourteen business days after receiving the official transcript. Before that fourteen-day period expires, all testimony, exhibits, and transcripts of any testimony will be treated as Attorneys' Eyes Only. Any failure to make the designation within that period will not be deemed a waiver, in whole or in part, of the right to designate testimony as otherwise allowed by this Order.

c. *Other Materials.* For information produced in some form other than documents, and for any other tangible items, the designating party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the designating party, to the extent practicable, shall identify those portions.

d. *Designation of Materials Produced By Another Party or Non-Party.* A party or non-party may designate materials produced by another Party or Non-Party under this Order. Those designations generally should be made within fifteen business days of receiving the production, to the extent practicable. But any failure to make the designation within that period will not be deemed a waiver, in whole or in part, of the right to designate documents as otherwise allowed by this Order. Parties and non-parties will comply with all reasonable requests to delay distribution of produced materials until such time as a party or non-party can review the production to determine whether a designation is warranted.

4. **Protection of Confidential Information.**

    a. *General Protections.* Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action, provided that nothing in this Order shall limit a party's use of its own Confidential Information.

    b. *Use and Disclosure of Confidential Documents.* Subject to the protections in Section 4(a), materials designated as Confidential may not be disclosed to any person other than:

(1) The parties;

(2) In-house counsel for a party;

(3) Outside counsel of record in this action, including attorneys and staff employed by counsel of record or their law firms;

(4) Investigators, consultants, or expert witnesses retained by the parties or their counsel of record in connection with this action, after they have executed the acknowledgement in Attachment A;

(5) Non-party witnesses and their counsel in preparation for or during depositions and hearings in this action, after they have executed the acknowledgement in Attachment A, so long as (a) the record reflects that the witness is already familiar with the subject matter of the Confidential information and (b) the witnesses and their counsel may not retain copies of any Confidential information;

(6) The Court and the clerical and support staff employed by the Court;

(7) Court reporters, videographers, and stenographers transcribing a deposition, conference, or hearing after they have executed the acknowledgement in Attachment A; and

(8) Any other persons upon consent of the designating party or non-party.

c. *Use and Disclosure of Attorneys' Eyes Only Materials.* Subject to the protections in Section 4(a), materials designated as Attorneys' Eyes Only may not be disclosed to any person other than those listed in Section 4(b)(2), (3), (4), (6), (7), and (8).

d. *Copies.* All copies, duplicates, extracts, summaries, or descriptions of Confidential Information designated as Confidential or Attorneys' Eyes Only under this Order must be affixed with the appropriate designation.

5. **Filing of Confidential Information.** A party who received Confidential Information and seeks to file with the Court any Confidential Information shall file such documents conditionally under seal to prevent the disclosure to individuals other than the parties in this action. To the extent practicable, redacted versions of sealed documents shall be placed on the Court's public docket. The party or third party who designated the documents confidential shall, within ten (10) court days, have the obligation to file a motion to permanently seal the documents pursuant to applicable rules. If no such motion is made by the designating party, the documents previously filed conditionally under seal shall be refiled in an unredacted format on the Court's public docket. Counsel receiving service copies of filings that contain material designated confidential shall disclose such filings only to persons entitled to receive such material under this Order. Parties seeking to file documents designated Confidential shall file a motion to seal in accordance with local rules and procedures.

6. **Challenges to Designation.** A party may challenge a designation by giving written notice to the designating party or non-party of the specific documents and specific basis for the challenge. The designating party or non-party will have fourteen calendar days from service of the notice to consider de-designating or re-designating the information. If after fourteen calendar days the parties cannot agree, the receiving party may seek relief from the Court.

7.     **Subpoena or Other Process Seeking Protected Material.** If any person subject to this Order who has custody of any Confidential Information obtained from another party or non-party receives a subpoena or other process ("Subpoena") demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by email, followed by either express mail or overnight delivery, to counsel of record for the producing party or non-party. The recipient of the Subpoena shall also promptly notify in writing the party who caused the Subpoena to issue that some or all of the material covered by the Subpoena is subject to this Order. Such notification shall include a copy of this Order. The recipient of the Subpoena may not produce any Confidential Information pursuant to the Subpoena prior to the date specified for production on the Subpoena, and shall reasonably cooperate with respect to all reasonable procedures sought to be pursued by the party or non-party whose Confidential Information may be affected.

8.     **Clawback of Privileged Information and Work Product.** The disclosure of privileged or protected communications or information, whether inadvertent or otherwise, will not constitute a waiver of any privilege or other protection (including work product) in this case or any other or future case or proceeding. Upon realizing an inadvertent disclosure, the producing party will notify the receiving party of the inadvertent disclosure and instruct the receiving party to promptly sequester, return, delete, or destroy all copies of the inadvertently produced communications or information (including any and all work product containing such communications or information). Upon receiving such a request from the producing party, the receiving party must promptly sequester, return, delete, or destroy all copies of such inadvertently produced communications or information (including any work product containing such communications or information), and must make no further use of such communications or information (or work product containing such communications or information). Nothing in this

Order prevents the receiving party from challenging the propriety of the attorney-client privilege, work product doctrine, or other designation of protection. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) or applicable state rules, and the provisions of Federal Rule of Evidence 502(b) are inapplicable to the production of documents or information as a result of this Order.

9. **Conclusion of the Action.** Within sixty days after the action's conclusion, including any appeals, all documents designated as Confidential or Attorneys' Eyes Only must be either returned to the producing party or non-party or destroyed. In the latter instance, the receiving party must provide notice of this election and certify that it has destroyed all applicable Confidential Information. Notwithstanding this provision, counsel of record may retain, in continuing compliance with the terms of this Order, their attorney work product, pleadings, and documents filed with the Court, and full copies of each deposition, affidavit, or similar testimony, together with exhibits marked in or attached thereto.

10. **No Judicial Determination.** This Order is entered for the purpose of facilitating discovery and protecting confidentiality. Nothing in it will be construed or presented as a judicial determination that any specific document or item of information designated as Confidential or Attorneys' Eyes Only is subject to protection under applicable rules of procedure or otherwise until a document-specific ruling has been made.

11. **Persons Bound.** This Order binds counsel of record who signed below, their law firms, the parties, and any other persons who receive Confidential Information in accordance with this Order.

12. **Relief from Order.** A party or non-party may ask the Court to modify this Order. This Order is without prejudice to all rights of parties and non-parties concerning objections to discovery and admissibility.

IT IS SO ORDERED, this 1st day of April, 2024.

*[signature]*

**KENNETH M. KARAS**
**UNITED STATES DISTRICT JUDGE**

Respectfully submitted on April 1, 2024.

**SPERTUS, LANDES & JOSEPHS, LLP**
/s/James Spertus
James W. Spertus
Kevin J. Minnick
617 W. 7th Street, Suite 200
Los Angeles, California 90017
Tel: (213) 205-6520
Fax: (213) 205-6521
jspertus@spertuslaw.com
kminnick@spertuslaw.com

*Attorneys for Relators*

**ALSTON & BIRD LLP**
/s/Jenny Kramer
Jenny Kramer
Theodore Altman
90 Park Avenue
New York, NY 10016
(212) 210-9400
Jenny.Kramer@alston.com
Theodore.Altman@alston.com

Matthew L.J.D. Dowell (pro hac vice)
1201 West Peachtree Street NW
Atlanta, Georgia 30309
(404) 881-7000
Matt.Dowell@alston.com

*Attorneys for Defendants*

9

EXHIBIT A DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on April 1, 2024.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence and will not disclose to anyone not qualified under this Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the Party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action. I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this day of ____, 20__ at _____.

QUALIFIED PERSON

By _____

## Certificate of Service

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record. I also certify that on this date a copy of foregoing was served on the following counsel for the United States via electronic mail:

Jeffrey A. Toll<br>
Jeffrey K. Powell<br>
U.S. Department of Justice, Civil Division<br>
Jeffrey.Toll@usdoj.gov<br>
Jeffrey.Powell@usdoj.gov

/s/ Jenny Kramer
*Attorney for Defendants*