UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA ex rel., ALON AHARON, ARIE BLITZ, and JASON SPERLING,

                Plaintiffs/Relators,

v.

NUVANCE HEALTH, NUVANCE HEALTH MEDICAL PRACTICE, P.C., HEALTH QUEST SYSTEMS, INC., VASSAR BROTHERS MEDICAL CENTER, HUDSON VALLEY CARDIOVASCULAR PRACTICE, P.C., MUMTAZUDDIN ZUBAIR JAFAR, RAJEEV L. NARAYAN, and MARK WARSHOFSKY,

                Defendants

Case No. 7:24-cv-00524-KMK

## [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER

The Court entered the parties' consent Protective Order on April 1, 2024 (the "Original Protective Order"). ECF No. 45. The Original Protective Order defines "Confidential Information" to include "information that is not in the public domain and that reflects confidential and proprietary business information, patient health information, employee information, information about an individual's income, or any other information that a Party may reasonably and in good faith believes require confidential treatment to protect a legitimate business or other interest." ECF No. 45 at ¶ 2.a. The Original Protective Order explains that it is "entered for the purpose of facilitating discovery and protecting confidentiality" and that "[n]othing in it will be construed or presented as a judicial determination that any specific document or item of information designated as Confidential or Attorney's Eyes Only is subject to protection under applicable rules of procedure or otherwise until a document-specific ruling has been made." *Id.* at ¶ 10. The Original Protective Order further allows "parties and non-parties

1

to designate and disclose documents and information as Confidential or Attorney's Eyes Only." *Id.* at ¶ 1. Paragraph 12 states that a "party or non-party may ask the Court to modify this Order." *Id.* at ¶ 12.

During discovery, Plaintiffs sought documents and information that Defendants contend are protected by N.Y. Educ. L. § 6527(3), N.Y. Pub. L. § 2805-m, the Federal Patient Safety and Quality Improvement Act, and/or the federal common law self-evaluative and self-critical analysis privileges (collectively, the "State and Federal Self-Evaluative Privileges"). The parties disagree on the application of those privileges in this case. By conferring in good faith, the parties have been able to significantly narrow the scope of documents and information that are relevant and responsive, and that Defendants contend are protected by the State and Federal Self-Evaluative Privileges.

Defendants are interested in protecting the State and Federal Self- Evaluative Privileges; Relators are interested in disclosure to further the public policy goals of the False Claims Act. To balance the parties' competing interests in confidentiality and the prosecution of this case, the Court is issuing this Order (the "Supplemental Protective Order"), at the joint request of the parties, to specifically afford additional protections to certain previously withheld documents that are to be produced in accordance with this Order.

For these reasons, and for good cause shown, it is hereby ORDERED that:

1. Defendants are ordered to produce documents that are relevant and responsive and that Defendants previously withheld or would withhold based on their assertion of State and Federal Self-Evaluative Privileges (the "Previously Withheld Documents").

2. The Previously Withheld Documents, and any deposition testimony regarding such documents, will be designated and treated as "Attorneys' Eyes Only" pursuant to the

Original Protective Order. The Previously Withheld Documents will be afforded all protections that are afforded to documents designated "Attorneys' Eyes Only" in the Original Protective Order, and shall be subject to all terms, restrictions, limitations, procedures, and provisions concerning the use of documents designated "Attorneys' Eyes Only" under the Original Protective Order.

3.      The production or disclosure of the Previously Withheld Documents, or any related deposition testimony, pursuant to this Supplemental Protective Order, will not, and does not, constitute a waiver (in this proceeding, or any other proceeding) of any State and Federal Self- Evaluative Privileges that Defendants contend apply.

4.      Plaintiffs shall not argue at any point in this proceeding, or any other proceeding, that the production of the Previously Withheld Documents pursuant to this Supplemental Protective Order constitutes a waiver of the State and Federal Self-Evaluative Privileges.

5.      Nothing in this Supplemental Protective Order shall prohibit a party from seeking further protection for any of the Previously Withheld Documents, whether by stipulation among the parties or by application to the Court.

6.  Plaintiffs reserve the right to apply for or move for a further order from the Court determining that the State and Federal Self-Evaluative Privileges do not apply to the Previously Withheld Documents, and any other documents, testimony or information for which Defendants maintain such privileges apply. In the event the Court determines that the State and Federal Self-Evaluative Privileges do not apply to the Previously Withheld Documents in this case, all Previously Withheld Documents produced pursuant to this Supplemental Protective Order shall be redesignated "Confidential" pursuant to the Original Protective Order automatically, without further order from the Court. In issuing this Supplemental Protective Order, the Court is not ruling on the relevance, discoverability, or admissibility of the Previously Withheld Documents. SO ORDERED.

Dated: January 22, 2025
White Plains, New York

_____
ANDREW E. KRAUSE
United States Magistrate Judge

Respectfully submitted,

**SPERTUS, LANDES & JOSEPHS, LLP**

/s/ James Spertus
James W. Spertus
Kevin J. Minnick
617 W. 7th Street, Suite 200
Los Angeles, California 90017
Tel: (213) 205-6520
Fax: (213) 205-6521
jspertus@spertuslaw.com
kminnick@spertuslaw.com

*Attorneys for Relators*

**ALSTO & BIRD LLP**

/s/ Jenny Kramer
Jenny Kramer
Theodore Altman
90 Park Avenue
New York, NY 10116
(212) 210-9400
Jenny.Kramer@alston.com
Theodore.Altman@alston.com

Matthew L.J.D. Dowell (pro hac vice)
1201 West Peachtree Street NW
Atlanta, Georgia 30309
(404) 881-7000
Matt.Dowell@alston.com

*Attorneys for Defendants*