# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

Jenny Kramer　　　　　　　　　　Direct Dial: 212-210-9420　　　　　　　　Email: jenny.kramer@alston.com

September 29, 2025

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10604-4150

　　　　Re:　　**United States of America, ex rel. Aharon et al. v. Nuvance Health, et al. Case No. 7:24-cv-00524-KMK**

Your Honor:

　　Pursuant to Fed. R. Civ. P. 5.2, Your Honor's Individual Rules of Practice IX.B.ii and the Protective Order entered in this case (ECF No. 45), Defendants respectfully submit this unopposed letter motion seeking the permanent sealing of certain documents filed in support of Defendants' Motion for Summary Judgment (the "Motion") dated September 29, 2025.

　　In support of their Motion, Defendants are filing exhibits containing confidential patient information, Protected Health Information ("PHI"), self-evaluative peer review information, and commercially sensitive or otherwise confidential information under conditional seal. In the case of deposition transcripts that contain such information, Defendants are redacting that information from the publicly-filed versions of the transcripts, and filing un-redacted copies under conditional seal. The materials Defendants are seeking to permanently seal (which are also being filed under conditional seal) are listed in Annex A. Relators do not object to Defendants' request that these materials be permanently sealed. Relatedly, Relators requested that Defendants apply additional redactions to certain deposition transcripts to avoid the public disclosure of information that Relators may seek to permanently seal.[1] Defendants have applied those requested redactions.

　　As the Court is aware, this case involves allegations of Medicare fraud and the alleged submission of false claims for transcatheter aortic valve replacement ("TAVR") procedures that allegedly did not comply with Medicare coverage requirements. Defendants' Motion papers reference and attach as exhibits medical records and other

---

[1] To the extent Relators file a letter motion seeking to permanently seal this information, Defendants do not intend to oppose the motion.

Alston & Bird LLP　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

documents containing personal identifying information and/or PHI. These materials also reference and attach self-evaluative analysis conducted by a clinical compliance and performance improvement consultant, NorthGauge Healthcare Advisors ("NorthGauge"), containing detailed information concerning NorthGauge's independent external peer review climate assessment of the cardiac programs at Vassar Brothers Medical Center ("VBMC").

Although there is a presumption of public access to pleadings, this presumption may be outweighed by competing considerations. *See Junsub Shim v. Luxury Asset Cap., LLC*, No. 1:24-cv-09738-JPC, 2025 WL 88041, at *1-2 (S.D.N.Y., Jan. 8. 2025) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006)). The interest in avoiding the public disclosure of patients' health information is commonly recognized as outweighing the presumption of judicial access. *See, e.g.*, *Phillips v. NBA*, No. 22-cv-09666, 2025 U.S. Dist. LEXIS 134994, at *4 (S.D.N.Y July 10, 2025) (sealing documents containing sensitive health information); *Doe v. Hyassat*, No. 1-18-cv-06110, 2022 U.S. Dist. LEXIS 222870, at *3 (S.D.N.Y Dec. 7, 2022) (keeping health information private is an important countervailing interest that rebuts the presumption in favor of public access to records and justifies a sealing order); *Dilworth v. Goldberg*, No. 10–CV–2224, 2014 WL 3798631, at *2 n.3 (S.D.N.Y. Aug. 1, 2014) (finding that exhibits containing medical records were properly redacted as "courts routinely file medical records under seal"). Accordingly, any documents and deposition transcripts containing such information should be permanently sealed.

Likewise, the documents and testimony related to the NorthGauge review should be sealed because they contain highly confidential information related to VBMC's operations and processes, and patient care at VBMC. Pursuant to the parties' stipulation dated December 12, 2024, the parties agreed that Relators could have access to certain documents related to the NorthGauge review, provided that Relators treat the documents as Confidential – Attorneys' Eyes Only under the terms of the Protective Order (ECF No. 45). But the stipulation expressly states that Defendants maintain that these documents are subject to the peer review privilege.[2] Documents and testimony related to the NorthGauge review should be sealed because these materials are not only protected by the peer review privilege, but they contain highly confidential, commercially-sensitive information. Courts have routinely sealed documents for these reasons. *See Heiden v. N.Y. City Health & Hosps. Corp.*, No. 20-cv-10288, 2023 WL 171888, at *1 n.1 (S.D.N.Y. Jan. 11, 2023) (finding documents generated in connection with a hospital's quality assurance review

---

[2] As explained in Defendants' December 17, 2024 Opposition to Relators' Letter Motion for a Conference, the NorthGauge documents relate to quality assurance reviews and reflect self-evaluative analysis. These documents are protected from disclosure under the Federal Patient Safety and Quality Improvement Act of 2005 (the "PSQIA") and federal common law self-evaluative privilege. *See* ECF No. 56. Under the PSQIA, "patient safety work product" is privileged and protected from disclosure and from being admitted into evidence in civil proceedings. *See* 42 U.S.C. § 299b-22(a)(2), (4); *id.* § 299b-21(7)(A); *id.* § 299b- 21(7)(A)(i); *id.* § 299b-21(7)(A)(ii). The self-evaluative privilege is also recognized under federal common law. *See Francis v. United States*, No. 09 Civ. 4004, 2011 WL 2224509, at *7 (S.D.N.Y. May 31, 2011) (holding that "quality assurance review documents containing self-examining statements are privileged," and concluding the hospital's "plan of correction, which contain self-evaluative analysis, are protected from disclosure by the self-critical analysis privilege").

September 29, 2025
Page 3

should be sealed to protect the individuals involved and support candor in discussions of performance reviews without overly limiting public access to the materials); *see also Loomis Sayles Tr. Co., LLC v. Citigroup Glob. Mkts. Inc.*, No. 22-cv-6706, 2025 U.S. Dist. LEXIS 169796, at *3-6 (S.D.N.Y Aug. 28, 2025) (finding that the interests in maintaining the confidentiality of a business's sensitive commercial information outweighed the presumption of public access).

Because the materials listed in Annex A contain personal health information, privileged, highly confidential peer review information, and otherwise commercially sensitive information, Defendants respectfully request that the Court permanently seal these documents.

We are available at the Court's convenience to address any of the issues raised in this letter.

Respectfully submitted,

Granted.

So Ordered.
[signature]
9/30/25

*s/ Jenny Kramer*

Jenny Kramer
Alston & Bird

*Counsel for Defendants*

cc: All Counsel of Record (by ECF)

September 29, 2025
Page 4

## Annex A

| Exhibit number | Description / Bates number |
|---|---|
| A | NUVANCE00001223 |
| D | Deposition Transcript of M. Jafar |
| E | Deposition Transcript of J. Sperling |
| F | Deposition Transcript of A. Blitz |
| G | Deposition Transcript of A. Aharon |
| L | Deposition Transcript of R. Narayan |
| P | Deposition Transcript of M. Warshofsky |
| AC | Deposition Transcript of Jon Moses |
| AH | NUVANCE00013537 |
| AL | NUVANCE-00013626 |
| AI | NUVANCE00013657 |
| AF | Deposition Transcript of J. Bavaria |
| AE | NUVANCE00024409 |
| AK | NUVANCE-00013676 |
| AO | NUVANCE00023149 |
| AY | NUVANCE00015642 |